IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SAMUEL LAWRENCE, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. §1983 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| FULTON COUNTY JAIL; *et al.*, | : | 1:23-CV-3774-MHC-JKL |
|    Defendants. | : | |

## ORDER

This matter is before the Court *sua sponte*. On August 17, 2023, Plaintiff Samuel Lawrence executed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, in which he complained about the conditions of his confinement at the Fulton County Jail. (Doc. 1). The complaint was docketed on August 25, 2023. The Court has learned through news reports that, the following day, Plaintiff was found unresponsive in his cell at the Jail and was later declared deceased. As of the date of this Order, the cause of Plaintiff's death is reportedly unknown.

Because Plaintiff filed this lawsuit *pro se* and sought to proceed without paying the filing fee, under 28 U.S.C. §1915A, it must be screened for frivolity before proceeding any further. No frivolity screening occurred in the short period of time between when the case was first docketed and Plaintiff's death. While the Court is mindful of the serious nature of Plaintiff's allegations and the tragic loss of

a life, the Court cannot proceed with this case without a plaintiff, and at this stage there has been no intervening party who could litigate Plaintiff's claims.

Rule 25(a) of the Federal Rules of Civil Procedure governs the substitution of parties in the event of a party's death. Specifically, Rule 25(a)(1) provides that a motion to substitute "may be made by any party or by the decedent's successor or representative," and, if no such motion is made within ninety days "after service of the statement noting the death," the case must be dismissed. Rule 25(a)(1), however, clearly contemplates that the ninety-day period is triggered when a statement noting death is personally served on the decedent's representative. *See* Fed. R. Civ. P. 25(a)(3). But here, where a frivolity screening has not occurred and there is no properly-served Defendant, there is no party to the action who could file a statement noting Plaintiff's death and personally serve it upon a suitable successor or representative under Rule 25. *See Holland v. Trout*, No. CIV-18-511-G, 2019 WL 2298792, *1-2 ("In this case, there is no properly-served defendant to shoulder the burden.") (W.D. Ok. May 30, 2019). Nor does this Court have any contact information for any such individual so as to trigger that ninety-day period.

It may be the case, however, that the Fulton County Sherriff has information sufficient to identify, locate, and serve the appropriate representative. Out of an abundance of caution, the Clerk is **DIRECTED** to send a copy of this Order to Fulton County Sheriff Patrick Labat at the Fulton County Sheriff's Office, 185

Central Ave SW, Atlanta, Georgia, 30303, and to send copies of the same to the Office of the Fulton County Attorney, 141 Pryor Street SW #4308, Atlanta, Georgia, 30303.  Sheriff Labat is **DIRECTED** to notify the Court within **THIRTY DAYS** from the date of this Order whether he is in possession of information regarding any representative of Plaintiff to whom a notice of suggestion of death should be sent.  If Sheriff Labat has any such information, he is **FURTHER DIRECTED** to send a notice of suggestion of death to that party and to provide the Court with a copy of that notice.  Sheriff Labat also is **DIRECTED** to notify the Court if he does not possess that information.

    Given the unusual procedural posture of this case, the best course of action may ultimately be to dismiss this case without prejudice so that a successor or representative of Plaintiff may bring claims on his behalf in a new action.[1]  Such a dismissal would not preclude an appropriate successor or representative—that is, someone who could legally stand in the shoes of Plaintiff—from bringing a similar case asserting the same (or similar) claims in the future.[2]  The Court will defer any such recommendation, however, until Sheriff Labat responds to this Order.

---

[1] Indeed, the Court's own research has not revealed any case where a plaintiff passed away before a court had an opportunity to make an IFP or frivolity determination.

[2] Because the actions about which Plaintiff complained occurred within the last few months, there appear to be no issues regarding the statute of limitations.

In the meantime, should a successor or representative of Plaintiff appear and seek leave to be substituted for Plaintiff and proceed with this action, the Court will entertain any such appropriate motion.

The Clerk is **FURTHER DIRECTED** to resubmit this action to me upon Sheriff Labat's response or the expiration of the aforementioned time period.

**SO ORDERED**, this 31st day of August, 2023.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE